UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BRIAN HARRY,<br><br>        Petitioner,<br><br>   v.<br><br>WARDEN, Valley State Prison,<br><br>        Respondent. | No.  1:23-cv-00751-SKO (HC)<br><br>ORDER TRANSFERRING CASE TO THE EASTERN DIVISION OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

On May 15, 2023, Petitioner filed a habeas corpus action pursuant to 28 U.S.C. § 2254 in this Court. Because venue is proper in the Eastern Division of the Central District of California, the Court will order the petition transferred.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. §1391(b).

In this case, Petitioner is challenging his conviction from Riverside County, which is in the Eastern Division of the Central District of California.  Venue is therefore proper in the Eastern Division of the Central District, and the petition should have been filed there.  In the interest of

justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, the Court ORDERS that this matter is transferred to the United States District Court for the Eastern Division of the Central District of California.

IT IS SO ORDERED.

Dated:   **May 16, 2023**                         /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE